# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40986
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee

v.

ALEJANDRO CASILLAS PRIETO, also known as Alex,

                        Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-169-1

Before HIGGINBOTHAM, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Alejandro Casillas Prieto, federal prisoner # 18154-078, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his life sentence on his jury trial conviction for conspiracy to possess with intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual). Casillas Prieto sought relief under Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 17-40986     Document: 00514652886     Page: 2     Date Filed: 09/24/2018
Case 4:10-cr-00169-ALM-KPJ   Document 639-1   Filed 09/24/18   Page 2 of 2 PageID #: 3114

No. 17-40986

782 to the Sentencing Guidelines, which modified the drug quantity table set out in U.S.S.G. § 2D1.1(c) and effectively lowered most drug-related base offense levels by two levels.

When considering a reduction under § 3582(c)(2), a district court must substitute the retroactive amendment "for the corresponding guideline provisions" while leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1), p.s.; *see Dillon v. United States*, 560 U.S. 817, 827 (2010). The district court correctly determined that the revised total offense level for Casillas Prieto's drug trafficking conviction was 43. Amendment 782 consequently results in no change in Casillas Prieto's drug trafficking sentence because, even factoring in the amendment's reduction of the base offense level, Casillas Prieto has a total offense level that corresponds to a guidelines range of life imprisonment, i.e., the guidelines range that applied at the time of the initial sentencing. The district court therefore did not abuse its discretion in denying the § 3582(c)(2) motion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Accordingly, the district court's judgment is AFFIRMED. Casillas Prieto's motion for leave to file a reply brief out of time is GRANTED.